## ALEXANDER SCHNIP v. SAMUEL RADIN

BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.[1]

Argued May 5—decided June 16, 1953

*Geurson D. Silverberg,* for the appellant (defendant).

*Allyn L. Brown, Jr.,* with whom, on the brief, were *Charles W. Jewett* and *Paul J. Driscoll,* for the appellee (plaintiff).

INGLIS, J. This action was brought to recover the balance due for the construction of a poultry house by the plaintiff for the defendant pursuant to a written contract. From the judgment rendered for the

---

[1] By agreement of counsel the case was argued before and decided by four judges.

plaintiff the defendant has appealed. The assignments of error which are pressed present only two questions.

The first of these is whether the court erred in giving the plaintiff the benefit of a 2 per cent discount obtained by the defendant in the purchase by him of materials for the job. The contract, after stating that the plaintiff would erect the building for $18,000, contained the following provision: "The owners shall make payments for all materials which are peculiar to the construction of the above mentioned poultry house. All payments to be deducted from the total cost of $18,000.00 when computing the contractor's share. The contractor reserves the right to receive duplicate copies of all materials purchased and bills paid. The contractor shall receive 85% of the total weekly wages each week, the balance upon completion of the job."

The trial court found that the defendant paid bills for materials in the amount of $11,434.10 during the construction of the building. The defendant attacks this finding and claims that there should be substituted a finding that the amount paid by him was $11,620.95. There was evidence that the amount actually paid by him was the amount found by the court. The difference of $186.85 between the two amounts is accounted for by the fact that the defendant by promptly paying most of the bills for materials procured a 2 per cent discount. The credit claimed by him was the total of the charges incurred, while the amount found by the court was that actually paid by him. Whether the amount to be credited to the defendant in the final settlement as found by the court was correct depends, therefore, not so much on the state of the evidence as upon the interpretation of the contract.

As bearing upon the interpretation of the contract, the court found—and this finding is not attacked—that the defendant after an inspection of the job at first agreed with the plaintiff's contention that the balance due for the work was an amount which had been arrived at by crediting the defendant with only the sums actually paid by him for the materials. This aside, the contract itself makes it plain that that was the intention of the parties. By the terms of the contract it is not the amount of all bills for materials or even the cost of materials which is to be deducted from the total contract price. The provision of the contract is that "all payments" made by the defendant for materials are "to be deducted from the total cost of $18,000.00." This clearly means that the defendant is to be credited only with the amounts actually paid out by him and the court was right in so concluding.

The second question raised by the assignments of error is whether the court erred in finding that the requirement of the specifications that the ground floor of the building be of concrete four inches thick had been complied with. There was ample evidence to support this finding.

There is no error.

In this opinion the other judges concurred.